UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIELLE R.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C19-5258 BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff appeals the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. The Court agrees with plaintiff that the ALJ failed to reconcile an apparent conflict between the testimony of the vocational expert ("VE") and the Department of Labor's *Dictionary of Occupational Titles* ("DOT"). The Court therefore **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

The ALJ denied plaintiff's applications for benefits, applying the usual five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920. The ALJ determined that plaintiff had the **residual functional capacity** ("RFC") to perform **sedentary work with additional restrictions**, including, most relevantly on appeal: **she could perform no more than**

**occasional overhead reaching on the right; could perform no more than occasional reaching in any direction on the left; and is limited to simple one- to two-step tasks**. Tr. 30. At **step five**, the only step at issue here, the ALJ found, in light of the RFC assessment and based on the VE's testimony, that jobs existed in significant numbers that plaintiff could perform: **final assembler** (DOT 713.687-018); **addresser** (DOT 209.587-010)[1]; and **microfilm document preparer** (DOT 249.587-018). Tr. 35. Because the Appeals Council declined review, the ALJ's decision is the Commissioner's final decision. Tr. 4–9.

**DISCUSSION**

At step five, the claimant is entitled to disability benefits unless the ALJ shows that a significant number of jobs exist that the claimant can perform despite the limitations in the RFC. 20 C.F.R. § 404.1520(a)(4)(iv); *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016). Plaintiff argues that the ALJ harmfully erred because (**1**) the occupations of **addresser** and **microfilm document preparer** require a reasoning level that conflicts with the RFC limitation to one- to two-step tasks; and (**2**) there is a conflict between the RFC limitation to occasional reaching in any direction on the left and the fact that the DOT and the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO") show the position of **final assembler** requires frequent reaching. Dkt. 11, at 5–6. Plaintiff is correct.

1. **Occupations of Addresser and Microfilm Document Preparer**

The VE testified that a person with plaintiff's RFC, which includes a limitation to performing simple one- to two-step tasks, would be able to perform the duties of addresser and microfilm document preparer. Tr. 401–02. The VE also stated that his testimony was consistent

---

[1] The ALJ and the VE both erroneously referred to DOT 209.587-010 as "hand packager" rather than as "addresser." *Compare* Tr. 35, 401, *with* 209.587-010, *available at* 1991 WL 671797. The Court uses the correct title of "addresser" when referring to DOT 209.587-010.

with the DOT with regards to performing one- to two-step tasks. Tr. 404. The ALJ accepted the VE's testimony and found at step five that plaintiff could perform the duties of an addresser and a microfilm document preparer. The VE and the ALJ made these determinations even though addresser requires Level Two reasoning; microfilm document preparer requires Level Three reasoning; and the Ninth Circuit has determined that there is an apparent conflict between an RFC limiting a person to one- to two-step tasks and the demands of Level Two reasoning. *See Rounds v. Commissioner of Soc. Sec.*, 807 F.3d 996, 1003 (9th Cir. 2015); DOT 209.587-010, *available at* 1991 WL 671797; DOT 249.587-018, *available at* 1991 WL 672349.

The Commissioner concedes that the ALJ did not properly resolve the apparent conflict between the limitations to performing one- to two-step tasks and the reasoning levels required by the occupations of addresser and microfilm document preparer. Dkt. 12, at 2. The Commissioner argues, however, that this error was harmless because the ALJ demonstrated that plaintiff can perform the occupation of final assembler. *Id.* The Court finds that the errors with respect to the occupations of addresser and microfilm document preparer were not harmless but rather were endemic because, as discussed below, the ALJ also harmfully erred with respect to the occupation of final assembler.

**2. Occupation of Final Assembler**

Plaintiff is correct that at no point did the VE ever resolve the conflict between an RFC limitation to occasional reaching in any direction with the left upper extremity and the position of final assembler, which requires frequent reaching. *See* DOT 713.687-018, *available at* 1991 WL 679271; SCO 283. At the hearing, the VE asked plaintiff by way of clarification whether she was right- or left-handed, and then suggested that as a right-handed person she should be able to perform the duties of a final assembler. Tr. 401. But the description for final assembler in no way

makes it clear that a person so limited with respect to her non-dominant hand would be able to fulfill the duties required via the use just of her dominant hand. The DOT description states that a final assembler:

> Attaches nose pads and temple pieces to optical frames, using handtools: Positions parts in fixture to align screw holes. Inserts and tightens screws, using screwdriver.

DOT 713.687-018, *available at* 1991 WL 679271. "If the expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the *Dictionary*, then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Gutierrez*, 844 F.3d at 807. Moreover, "[w]hen there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is *required* to reconcile the inconsistency." *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) (emphasis added); *see* SSR 00-4p, *available at* 2000 WL 1898704, at *2 ("When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator *must* elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled.") (emphasis added). Neither the ALJ nor the VE explained how there could be no erosion whatsoever to the occupational base for a final assembler who conceivably could be limited to using handtools with one hand to attach nose pads and temple pieces to optical frames, align screw holes on optical frames, and insert and tighten screws.

The ALJ made a blanket statement about having reconciled any differences between the VE testimony and the DOT:

> The vocational expert indicated that his testimony does not conflict with the Dictionary of Occupational Titles (DOT), but he did say

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

> that his opinion regarding **reaching limitations** and social interaction are not fully accounted for by the DOT, and so to some extent his testimony is based on his knowledge, education, and experience."

Tr. 35–36. That explanation is inaccurate and insufficient. The VE never testified that the DOT did not fully account for reaching, in general (because, of course, it did); the VE testified only that the DOT did not fully account for *overhead* reaching. Tr. 404. The ALJ never asked the VE about the apparent conflict between the DOT requirement of frequent reaching and the RFC limitation to occasional reaching in any direction on the left. Thus, if the ALJ presumed that the VE testimony about overhead reaching applied to reaching in general, this was plain error; if the VE presumed that his testimony about reaching in general was consistent with the DOT description for final assembler, this was also plain error. In either case, as with the VE's erroneous testimony about the occupations of addresser and microfilm document preparer, it was harmfully erroneous for the ALJ to rely on the VE's testimony about the consistency of the DOT description of final assembler with plaintiff's assessed RFC.

The Court finds that the ALJ harmfully erred by failing to reconcile the apparent conflict between the DOT description for final assembler with the RFC limitation to performing no more than occasional reaching in any direction on the left.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should follow up with the VE about the apparent conflict between the RFC limitation of performing no more than occasional reaching in any direction on the left and the description of final assembler (DOT 713.687-018) that requires frequent reaching and suggests duties employing the use of more than just the dominant hand.

DATED this 11th day of October, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge